810 F.2d 201
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis GRAYER, Sr.; Jonnie M. Grayer; Curtis Grayer, Jr.;
Anthony John Grayer; Daren Earl Jones; Rosaline Rochelle
Grayer; James Tyson Grayer, By Their Next Friends, Curtis
Grayer, Sr. and Jonnie M. Grayer, Plaintiffs- Appellants,
v.
CITY OF BATTLE CREEK, a Municipal Corporation; Thomas
Thear, Chief of Police; Rease Merrill; John Doe I and John
Doe II, Police Officers, Jointly and Severally, and as
Agents-Employees, Defendants-Appellees.
 No. 85-1889.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Curtis Grayer, Sr. and remaining plaintiffs who are members of his family, appeal a judgment entered upon a jury verdict in favor of the defendant police officers and City of Battle Creek in their suit brought pursuant to 42 U.S.C. § 1983. This litigation arose out of an incident that occurred in the early morning hours of November 14, 1982 when police officers of the Battle Creek Police Department were called to the Grayers' neighborhood upon complaint that the Grayers' dogs were disturbing the neighborhood. While the events of the evening were hotly disputed, it appeared that the police officers arrested Mr. Grayer upon the mistaken belief that a warrant for his arrest was outstanding since the warrant was still listed in the Law Enforcement Information Network computer. Although that particular warrant was no longer outstanding and should have been removed, there were other outstanding warrants for Grayer's arrest, especially bench warrants for his failure to respond on misdemeanor charges. Some violence occurred at the arrest scene in which one officer was struck by a metal bar wielded by one of Mr. Grayer's family and in which a police officer, not a party to these proceedings, allegedly used mace against certain of the plaintiffs, including minor children. In appealing from the verdict of no cause of action, plaintiffs particularly complain that the trial court erred in permitting cross-examination of Curtis Grayer, Sr. concerning four previous arrests when it did not appear that Grayer had in fact been convicted on any of those charges. Plaintiffs claim this interrogation violated Federal Rules of Evidence 403 and 608(b).
 
 
 2
 Plaintiffs further claim that they were entitled to a directed verdict against the city and its chief of police with respect to their allegations that the police violence against them was the direct result of inadequate police training in handling public disturbances, particularly in the use of mace. Finally, they argue that the trial court erred by incorrectly instructing the jury concerning the nonappearance at trial of the chief of police and by failing to give separate and proper instructions on their pendent common law claims of false imprisonment, assault, and battery.
 
 
 3
 With respect to the assertion that the trial judge erred in permitting the cross-examination of Mr. Grayer, Sr. concerning his prior arrests, we conclude that while ordinarily such testimony would not be permissible under Rule 608(b), the subject itself was first introduced before the jury in the direct examination of plaintiff by his own counsel who asked whether plaintiff had ever been arrested and convicted of any crimes; the plaintiff replied in the negative. While plaintiff's testimony was in one sense accurate, the trial judge permitted cross-examination concerning the actual arrests, but made clear at the same time that defendant had not been convicted of those charges and gave careful admonitory instructions limiting the use of such proof.
 
 
 4
 The court is of the opinion that if the admission of such testimony on cross-examination and other testimony of impeachment was otherwise improper, it was cured and we cannot say that the efforts of the trial judge to strike a proper balance amounted to reversible error. With respect to the interrogation of the plaintiff concerning his role in a paternity suit, we conclude that, considered in the light of the limiting instructions given by the trial judge, the testimony as so limited was relevant and admissible to rebut the efforts to present Mr. Grayer as a happily married, "family" man who was entitled to damages for loss of consortium.
 
 
 5
 With respect to plaintiffs' claim that they were entitled to a directed verdict against the City of Battle Creek and the chief of police, plaintiffs had the burden of proving inadequate police training and the jury was entitled to believe or disbelieve the witnesses presented. Even where evidence may be uncontradicted, a directed verdict is inappropriate if the outcome may depend on witness credibility. Therefore, the trial judge correctly denied plaintiffs' motion for a directed verdict against the city and against the chief of police.
 
 
 6
 Finally, it appearing to the court that the plaintiffs specifically rejected an offer by the court to instruct the jury separately upon the civil rights and pendent common law counts of their complaint, they must be deemed to have waived any right to complaint thereof on appeal.
 
 
 7
 Accordingly, the court finding that the errors complained of by the plaintiffs were not alone or together sufficient to deny them a fair and impartial jury trial, the judgment of the district court is AFFIRMED.